Korea Resolution & Collection Corp. v Hyuk Kee Yoo (2019 NY Slip Op 01716)





Korea Resolution & Collection Corp. v Hyuk Kee Yoo


2019 NY Slip Op 01716


Decided on March 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2019

Gische, J.P., Webber, Kern, Singh, JJ.


156487/15 8669 8668 8667 8666

[*1]Korea Resolution and Collection Corporation, Plaintiff-Respondent,
v
Hyuk Kee Yoo, et al., Defendants-Appellants.


Zuckerman Spaeder LLP, New York (Shawn P. Naunton of counsel), for appellants.
Mayer Brown LLP, New York (Jason I. Kirschner of counsel), for respondent.



Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered November 14, 2017, in favor of plaintiff against defendants, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered November 30, 2016, and October 30, 2017, which granted plaintiff's motions for summary judgment in lieu of complaint and to confirm the judicial hearing officer's report and recommendation, after an inquest, as to interest on the amounts due, and denied defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(7), unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In opposition to plaintiff's motion for summary judgment enforcing a Korean judgment, defendants failed to establish that the Korean court lacked personal jurisdiction over them (see CPLR 5304[a][2]). The motion court correctly found that defendants submitted to the jurisdiction of the Busan District Court by appealing the judgment and raising arguments on the merits regarding the validity of the underlying debt (see CIBC Mellon Trust Co. v Mora Hotel Corp. , 100 NY2d 215, 223 [2003], cert denied 540 US 948 [2003]). Defendants also failed to establish that the Korean intestacy law that rendered them responsible for the debts of their father's estate was repugnant to New York public policy (see CPLR 5304[2][b]). Defendants do not dispute that, to avoid liability for the Korean judgment, they could have renounced their inheritance under Korean law but elected not to do so.
Defendants argue that, in determining the interest on the amounts due, the court erred in applying the postjudgment rate of 24% cited in the Korean judgment until the date of entry in New York, rather than the 9% set forth in CPLR 5004. However, defendants failed to present any evidence rebutting plaintiff's witness's hearing testimony and showing that the interest rate was a "penalty" rather than the default rate set forth under the terms of the underlying loan, "a clear, unambiguous, and unequivocal expression to pay an interest rate higher than the statutory interest rate until the judgment is satisfied" (Retirement Accounts, Inc. v Pacst Realty, LLC , 49 [*2]AD3d 846, 847 [2d Dept 2008]).
We have considered defendants' remaining contentions and find them without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2019
CLERK